**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| CURTIS E. MITCHELL, | * | |
| Petitioner, | * | |
| | | CASE NO. 4:06-CV-8 HL |
| VS. | * | Rule 60(b)(4) Motion |
| | | CASE NO. 4: 96-CR-002 |
| UNITED STATES OF AMERICA., | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Mitchell *now comes and says* that he files "this <u>Exparte</u> <u>Complaint</u> in the nature of Federal Rules of Civil Procedure Rule 60(b)" to invoke the jurisdiction of this court with "its inherent power to grant relief where it is found that the conviction was obtained from lack of subject matter jurisdiction or through fraud on the court." (R-100 at 1). The court is admonished also that, "[T]his Complaint in the nature of Federal Rules of Civil Procedure Rule 60(b) is not to be construed as a motion pursuant to Section 2255, or a second, successive motion for Section 2255." (Id.).

Curtis Eugine Mitchell, a/k/a "Paradise" was indicted in this court on December 12, 1996, along with Renato V. Borders, a/k/a "Ghetto", and charged with drug and firearms violations. (R-1). Petitioner Mitchell was convicted by jury of Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. § 846 as charged in Count I of the Indictment; Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) as charged in Count II of the Indictment; and Use of a Firearm During the Commission of a

Drug Offense in violation of 18 U.S.C. § 924(c)(1) as charged in Count V of the Indictment. (R-31). He was originally sentenced on February 11, 1998 to serve 240 months imprisonment concurrently on Counts I and II, and 60 months concurrently on Count V. (R-55). Petitioner Mitchell's appeal to the Eleventh Circuit Court of Appeals was granted and his sentences were remanded for resentencing. (R-59). At resentencing on June 22, 2000, the Government moved to dismiss Count I and Petitioner Mitchell was resentenced to 240 months on Count II and 60 months concurrent on Count V. (R-67). In the interim, Petitioner Mitchell had filed, on May 16, 2000, a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (R-61). Subsequent to the ruling on direct appeal, this motion was considered and denied by the district court on September 25, 2000. (R-72/73). Petitioner Mitchell attempted to appeal that decision, but the Eleventh Circuit Court of Appeals denied a Certificate of Appealability on March 1, 2001. (R-82). On January 17, 2006, Petitioner Mitchell filed his Rule 60(b)(4) Motion presently under review. (R-100).

## Discussion

On June 23, 2005, the United States Supreme Court ruled in *Gonzalez v. Crosby*, —U.S. —, 125 S.Ct. 2641, that "Rule 60(b) allows a party to seek relief from a final judgment, and requests reopening of his case, under a limited set of circumstances." The Court held that pleadings labeled as Rule 60(b) motions that are in substance successive habeas petitions "should be treated accordingly," i.e., dismissed until authorized by the Court of Appeals under 28 U.S.C. § 2255 ¶ 8; 28 U.S.C. § 2244. Using Rule 60(b) to

present substantive claims for relief from judgment circumvents statutory requirements "that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.,* at 125 S.Ct. at 2647.  The *Gonzalez* Court held that if a Rule 60(b) motion contains one or more "claims," the motion is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be "inconsistent with" the statute.  A Rule 60(b) motion can be said to bring a "claim" if it seeks to add a new ground for relief from the defendant's conviction or attacks the federal court's previous resolution of a claim on the merits.

### Petitioner's Claims

After an exhausting recitation of hornbook law in regard to void judgments and subject matter jurisdiction, Petitioner Mitchell gets to his claims.

**I.** On page 18 of his Motion, Petitioner Mitchell elaborates on the first of three Issues he sets out on page 16 of the Motion, stating as follows:

> Whether District Court lacked subject matter jurisdiction to sentence defendant who has been indicted for Possession With Intent to Distribute Cocaine (Base) in violation of 21 U.S.C. § 841(a)(1), with no particular quantity specified in the Indictment may be sentenced to a term of imprisonment longer than the statutory maximum for a violation of that crime with an unspecified quantity of drugs.

Previously on page 16 of his Motion, Petitioner Mitchell had prefaced the restatement of this first Issue by stating:

> The lack of a drug amount in the charging instrument and or indictment against the Petitioner establishes the crime charged

3

> and the district court's jurisdiction for that crime charged. . . .
> Because Petitioner was sentenced to 240 months imprisonment,
> a sentence longer than the statutory maximum for the crime
> charged in his indictment, this sentenced should be vacated.

Petitioner Mitchell is mistaken that the 240 month sentence exceeded the **statutory** maximum provided for the crime charged in his indictment. Count II of his Indictment charged as follows:

> That on or about June 28, 1996, in the Columbus Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, Curtis Eugene Mitchell, a/k/a "Paradise", defendant herein, did unlawfully, knowing, and intentionally possess with intent to distribute a Schedule II controlled substance, to-wit: cocaine base in violation of 21 U.S.C. § 841(a)(1).

Section 841(b), titled "Penalties," provides the penalties for violations of 21 U.S.C. § 841(a). Section 841(b)'s penalties begin with a statutory maximum of life imprisonment in § 841(b)(1)(A) and decrease in severity based on a host of sentencing factors, including drug types and quantities. Section (b)(1)(C), however, applies to all other violations of § 841 (a) involving schedule I or II controlled substances and provides, **"In the case of a controlled substance in schedule I or II, . . . except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years."** 21 U.S.C. §841(b)(1)(C). Section 841(b)(1)(C), the statutory catchall, authorizes a term of imprisonment for schedule I and II narcotics (such as cocaine/cocaine base) offenses without reference or regard to drug quantity, of not more than 20 years, except when the offender is a recidivist drug offender, then the maximum statutory sentence absent drug

4

quantity under § 841(b)(1)(C) is thirty years. *See United States v. Sanchez,* 269 F.3d 1250, 1264-65 (11th Cir. 2001); *United States v. Gerrow,* 232 F.3d 831, 834 (11th Cir. 2000); *United States v. Smith,* 240 F.3d 927, 930 (11th Cir. 2001).

Petitioner's Amended Sentenced (R-67), filed on June 22, 2000, imposed upon Petitioner Mitchell a 240 month imprisonment in regard to Count II of the Indictment. The court will take notice, judicial or otherwise, that 240 months is the exact equivalent of 20 years, the **statutory** maximum prescribed by 21 U.S.C. §841(b)(1)(C). Petitioner Mitchell invokes the *Apprendi* rule which issued on June 26, 2000, when the Supreme Court rendered its decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), for this first claim, stating:

> The Grand Jury Indictment charged no particular quantity of cocaine base in count two, therefore the jury's verdict was for an indeterminate quantity of cocaine base, or less than 250mg of cocaine base which dictates an offense level of 12. See U.S.S.G. §2D1.1(c)(14), for the least amount of cocaine base in the Guideline Drug Quantity Table to set the offense level in determining the sentence. Under these facts, with the Guidelines specified offense level of 12, which, given the Petitioner's criminal history category (category III) the authorized application sentencing range cabins the district court's jurisdiction from 15 to 21 months sentences of imprisonment.

Petitioner Mitchell misunderstands the effect of the *Apprendi* decision in June of 2000 when he was sentenced. The *Sanchez* court, 269 F.3d at 1260-61 explained:

> The Supreme Court then squarely adopted the following constutitional principle . . . :
> *Other than the fact of a prior conviction, and any fact that increases the penalty for a crime* **beyond the prescribed statutory maximum** *must be submitted to a jury, and proved beyond a reasonable doubt. Apprendi,* 530 U.S. at 490, 120

> S.Ct. 2348. . . . (emphasis added).
> Moreover, the *Apprendi* opinion expressly limited the application of the constitutional principle it described. Fundamentally, *Apprendi* did not required that all sentencing factors be submitted to a jury and proven beyond a reasonable doubt. Instead, *Apprendi* expressly reaffirmed the long-established general principle that a judged decided fact may effect a defendant's sentence within the applicable **statutory** range without invoking the constitutional principles articulated in *Apprendi*. . . . [T]he Court stated, "We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment *within the range* prescribed by statute. *Id.* at 481, 120 S.Ct. 2348.

The Eleventh Circuit Court of Appeals held in *United States v. Rogers,* 228 F.3d 1318 (11th Cir. 2000), that:

> Applying Apprendi's constitutional principle to section 841 cases, it is clear that the principle is violated if a defendant is sentenced to a greater sentence than the statutory maximum based upon the quantity of drugs, if such quantity is determined by the sentencing judge rather than the trial jury. . . . [However,] If a provision of section 841(b) that does not contain a quantity amount applies, for example 841(b)(1)(C), then a convicted defendant may still be sentenced under that provision. 21 U.S.C. § 841(b)(1)(C) is a catch-all provision for any quantity of schedule I or II drugs.

The district court at all times had subject matter jurisdiction to sentence Petitioner Mitchell to the statutory maximum of 20 years under 21 U.S.C. § 841(b)(1)(C). In *United States v. Acevedo,* 285 F.3d 1010, 1012 (11th Cir. 2002), the Court held that sentencing a defendant to twenty years or less without a jury determinion of drug quantity, as provided by 21 U.S.C. § 841(b)(1)(C), is not error, plain or otherwise, under *Apprendi*, citing *United*

*States v. Sanchez,* 269 F.3d 1250, 1264-65 (11th Cir. 2001); *United States v. Gerrow,* 232 F.3d 831, 834 (11th Cir. 2000)*.*

The legal landscape remained as thus announced by *Apprendi* and *Sanchez* until the Supreme Court revisited the *Apprendi* rule*,* in **Blakely v. Washington,** 542 U.S. 296 , 124 S.Ct. 2531 (2004). In *Blakely* the Supreme Court struck down a Washington-State sentencing proceeding in which the judge imposed punishment that the jury's verdict alone did not allow. . . . The *Blakely* Court clarified that:

> the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."

*Id,* at 2537. Later, the Supreme Court in **United States v. Booker***,* 543 U.S. 220, 125 S.Ct. 738 (2005)*,* extended its holding in *Blakely* to the United States Sentencing Guidelines and explicitly reaffirmed its rationale first pronounced in *Apprendi* that "any fact other than a prior convicton which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict, must be admitted by the defendant, or proved to a jury beyond a reasonable doubt." *Id.,* at 756. *See In re Anderson,* 396 F.3d 1336, 1339 (11th Cir. 2005).

The fallacy in Petitioner Mitchell's argument that his sentence should be limited to the guideline range he calculates is, first, that he has calculated the range without taking any

7

other factors into account, and (2) that his sentenced was imposed and finalized several years before the *Blakely* and *Booker* cases were decided, and neither of those cases are retroactively applicable to Petitioner Mitchell's sentence.

In *United States v. Booker-Fanfan,* 125 S.Ct. 738 (2005), the United States Supreme Court held at page 769:

> [W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review. See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past). See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[1]

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker-Fanfan* rulings in its recent decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), holding:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . . Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>
>> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v.*

---

[1] (*Reynoldsville* at 752) (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final"))**.**

> *Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also Blakely,* 124 S.Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and *a fortiori Apprendi*) does not apply retroactively on habeas review");*see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* Anderson cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

*See also Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005) ( as the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review). Petitioner's claim that the court lacked subject matter jurisdiction to impose the sentence it imposed in his case is without merit.

**II.** While Petitioner's Motion is titled a Complaint under Rule 60(b)(4) and generally addresses "void judgments for lack of subject matter jurisdiction under that subsection, he has also alluded to "fraud upon the court" in his page 1 preface to his three issues, a Rule 60(b)(3) claim. However, Petitioner Mitchell fails to develop this claim to any great extent, and it is not contained in the three Issues he enumerates on page 16 of his Motion. He does included a definition of "Fraud" at ¶ 26 of his Motion on page 14, immediately before his Statement of the Case. He also makes the statement on page 8 of his Motion that:

> The Plaintiff has the right to expect the Prosecution and other government

agents to know that their conduct in the instant case violated statutory intent and Constitutional Rights as they were acting in clear absence of jurisdiction. (citations omitted). A defendant cannot be prosecuted absent statutory authority to authorize the prosecution.

From this scant and conclusory claim of fraud (which must be pled with specificity), it can only be assumed that Petitioner Mitchell contends that the Government was aware of the alleged lack of subject matter jurisdiction of the court and pursued the charges against Petitioner anyway, thereby committing a fraud upon the court, which is the only type envisioned by Rule 60(b)(3). However, inasmuch as it has been shown above that the district court at all times relevant to Petitioner's prosecution had subject matter jurisdiction under 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(C) not only to try petitioner but also to sentence him to the statutory maximum sentence of 20 years, the Government could not have perpetrated a fraud upon the court as to its jurisdiction. If Petitioner intended to proffer this allegation as a separate claim, it fails for lack of factual allegation and merit.

**III.** Finally, Petitioner Mitchell contends that the district court lacked subject matter jurisdiction to enhance his sentence by imposing **supervised release**. Though elaborately discussed in general for ten pages of his Motion (pages 24 to 34), at page 24 Petitioner states:

> Supervised release in which the court/judge and Probation Officer is applying to a Defendant is an unconstitutional application of the constitutional doctrine of checks and balances . . . (and at 25) According to 18 U.S.C. § 3583, states, "including a term of supervised release may be included as part of a sentence, and that a requirement that a defendant be placed on a term of supervised release if such term is required by statute." The Defendant states that being charged under one statute and sentenced under another set of statutes exposes the fact that "SUPERVISED RELEASE" is not authorized to be tacked on my sentence of imprisonment. The Defendant states that "Double Jeopardy is

10

banned by the Fifth Amendment which states: "No person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life and limb."

At page 26, Petitioner Mitchell clarifies this claim:

The Defendant states the foundation of this action is simple logic applied to the fact that <u>Supervised Release</u> is attached after a conviction carrying punishment defined and limited by statute, that the charging statute or code carries one set of penalties, and the rules change to another set of statute, under U.S. Sentencing Guidelines, from Criminal Statute to Civil Statute added to the punishment after the offense conduct has been found. Thereby creating Double Punishment for the same crime.

Finally, Petitioner Mitchell states this contention at page 29 of his Motion, "it is clear (from) full reading of the sentencing practice of Title 18, that inclusion of the term of supervised release is to be included as part of the term of imprisonment. . . . 18 U.S.C. § 3551." Petitioner's entire argument as to double jeopardy being violated by the supervised release component of his sentence, stands or falls on the validity of this contention.

Petitioner's contention is contrary to the law. In *United States v. Jenkins,* 42 F.3d 1370 (11th Cir. 1995), the Court held that the district court had authority to impose a period of supervised release in addition to imposing the maximum term of imprisonment against a defendant. The *Jenkins* Court stated:

The supervised release statute, 18 U.S.C. § 3583(a), provides that:
a court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment.

The *Jenkins* Court went on at page 371 to say:

In *(United States v.) West,* (898 F.2d 1493, 1504 (11th Cir. 1990)), we held that a defendant's term of supervised release was in addition to his term of imprisonment and was not limited to the time of a defendant's prison sentence

> . . . We relied on the Senate Committee Report for 18 U.S.C. § 3583(a), which states "the term of supervised release would be a separate part of the defendant's sentence, rather than being the end of the term of imprisonment." S.Rep. No. 98-225 at 123-24, *reprinted in* 1984 U.S. Code Cong. & Admin. News, pp. 3182, 3306-07. . . .
> The circuits which have decided the issue directly have held that courts can order supervised release in addition to the maximum term of imprisonment available by statute, noting that § 3583(a) allows the district court to include supervised release as "part of the sentence," not as part of the imprisonment. (citations omitted). *See United States v. Montenegro-Rojo,* 908 F.2d 425, 432-33 (9th Cir. 1990) (Section 3583(a) gives "a sentencing court the option to tack a period of supervised release onto any term of imprisonment authorized by a substantive criminal statute, even a term near or at the maximum").

In *United States v. Woods,* 127 F.3d 990 (11th Cir. 1997), the Court, first noting the Double Jeopardy Clause of the Fifth Amendment, to-wit., "that no preson shall be subject to be twice put in jeopardy of life or limb," then observed, at page 992-93, "Because revocation of supervised release amounts only to a modification of the terms of the defendant's original sentence, and does not constitute punishment until a new revocation-triggering offense, the Double-Jeopard Clause is not violated by a subsequent prosecution for that new offense."), *cert. denied,* 520 U.S. 1149, 117 S.Ct. 1325 (1997). . . . We similarly conclude that revocation of (supervised release) constitutes part of a defendant's original sentence and does not preclude subsequent prosecution for the criminal conduct that gave rise to the probation revocation. . . .  For the purposes of our analysis within the framework of the Double Jeopardy Clause, there is no distinction between revocation of probation and supervised release."

**Conclusion**

All of the foregoing, clearly demonstrates that Petitioner's Rule 60(b) Motion is "a revisitation of the merits" of his § 2255 collateral attack on his conviction and sentence, and/or not one confined to a non-merits aspect of the prior federal habeas proceedings, as proscribed by *Gonzalez v. Crosby*, —U.S. —, 125 S.Ct. 2641(2005) at 2649. Inasmuch as his Rule 60(b) motion continues to raise substantive claims, it is subject to dismissal as a second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, whether or not Petitioner requests that it not be so labled. He has raised substantive claims, and even requests that his sentence be vacated, which process is reserved for a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004). "Federal prisoners seeking to file a second or successive Motion To Vacate, Set Aside, or Correct his Sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." *In re Joshua,* 224 F.3d 1281, (11th Cir. 2000).

Moreover, the discussion of the merits of Petitioner's claims clearly shows that he has failed to plead a proper Rule 60(b) Motion for procedural relief pursuant to *Gonzalez v. Crosby*, —U.S. —, 125 S.Ct. 2641(2005).

WHEREFORE, IT IS RECOMMENDED, for all of the foregoing reasons, that Petitioner's Motion be DENIED as failing to state a Rule 60(b) ground upon which this court may grant relief; and that it be DISMISSED as a second and successive Motion to Vacate pursuant to § 2255 to permit Petitioner to make application to the Eleventh Circuit Court of Appeals for authorization to file a second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 ¶ 8; 28 U.S.C. § 2244. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after receiving a copy hereof.

SO RECOMMENDED this 27th day of March 2006.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE