IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | CASE NO. 4:96-CR-65-2 (CDL) |
| CURTIS EUGENE MITCHELL | * | |

O R D E R

Presently pending before the Court is Defendant Curtis Eugene Mitchell's Motion for Return of Property (ECF No. 130). Mitchell asks that the United States (hereinafter "the Government") return to him certain property that was introduced as evidence in Mitchell's March 1997 trial for cocaine trafficking. Specifically, Mitchell seeks the return of a gold Rolex watch, a "diamond cluster" gold ring, a pair of Cartier sunglasses, a diamond wedding band, a gold bracelet, and a diamond earring. Def.'s Mot. for Return of Property 4, ECF No. 130. The Court previously found that the Government does not possess the watch, two rings, and bracelet. Order 2, Jan. 28, 2011, ECF No. 138. Accordingly, the Court found that it could not order the Government to return the property. *E.g., United States v. Garcon*, No. 10-12715, 2010 WL 5174541, at *3 (11th Cir. Dec. 21, 2010) (per curiam).

In its previous order, the Court noted that it could not tell what happened to the sunglasses and earring. Order 2, Jan. 28, 2011. The Government contends that it does not have the property;

in support of this contention, the Government submitted the affidavit of Assistant United States Attorney Melvin Hyde. Hyde searched Mitchell's file and the U.S. Attorney's evidence room but found none of Mitchell's property. Hyde Aff., ECF No. 139-1. Hyde also consulted with the Bureau of Alcohol, Tobacco, and Firearms ("ATF") to confirm that ATF does not have any of Mitchell's property. *Id.* Hyde also consulted with the Muscogee County District Attorney's office. *Id.* The Court concludes, based on Hyde's affidavit, that the Government does not possess Mitchell's sunglasses or earring. Accordingly, the Court cannot order the Government to return the property. *Garcon*, 2010 WL 5174541, at *3. Mitchell's motion is therefore denied.

IT IS SO ORDERED, this 28th day of February, 2011.

                                            S/Clay D. Land  
                                              CLAY D. LAND  
                                      UNITED STATES DISTRICT JUDGE